United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10285
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LUEVANO-OROZCO, also known as Juan Leuvano-Orozco,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-148-ALL-A
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Luevano-Orozco appeals the sentence imposed following
his guilty-plea conviction for illegal reentry into the United
States following deportation in violation of 8 U.S.C. § 1326(a)
& (b). He argues that the "felony" and "aggravated felony"
provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional
in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Luevano-Orozco's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Luevano-Orozco contends that Almendarez-Torres was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Luevano-Orozco properly concedes that this argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Luevano-Orozco also argues that the district court erred in departing upward based on improper factors not permitted under U.S.S.G. § 4A1.3(a)(2). A post-Booker discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). If the district court imposed a sentence outside of the guideline range, it must give specific reasons so that we can ascertain the reasonableness of the sentence. United States v. Hardin, 437 F.3d 470-71 (5th Cir. 2006). The effect of Booker is "to return essentially to the abuse-of-discretion standard [for upward departures] employed prior to 2003." United States v. Simkanin, 420 F.3d 397, 416 (5th Cir. 2005), petition for cert. filed (Jan. 25, 2006) (No. 05-948).

Luevano-Orzoco has not shown that the district court's upward departure was an abuse of discretion or unreasonable. The district court properly considered factors that are permissible under § 4A1.3(a)(2), including Luevano-Orozco's old

convictions involving similar or serious dissimilar conduct, see § 4A1.2, comment. (n.8); his juvenile adjudications, see United States v. Hawkins, 87 F.3d 722, 730 (5th Cir. 1996); and lenient sentences for prior convictions. See United States v. Lee, 358 F.3d 315, 328-29 (5th Cir. 2004). The district court did not base its decision to depart upward on his arrest record. The district court did not err in considering California criminal record printouts of his prior convictions as these records established the offenses, and he does not argue on appeal that he was not previously convicted of these offenses. Further, Luevano-Orozco had been deported seven times, and he returned to commit additional crimes upon each reentry. The district court's decision to depart based on his likelihood to recidivate was warranted and proper. See United States v. McDowell, 109 F.3d 214, 218 (5th Cir. 1997). Moreover, the 120-month sentence imposed by the district court was well below the 240-month statutory maximum sentence for the offense and was reasonable, given Luevano-Orozco's lengthy criminal history, his seven previous deportations, the likelihood of recidivism, and the need to protect the public. See United States v. Smith, 417 F.3d 483, 489-91 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005); see also United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006). The district court provided sufficient, valid reasons for its decision to depart upward and, therefore, the sentence was reasonable. See Hardin, 437 F.3d at 470-71.

AFFIRMED.