IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-51249
Summary Calendar

UNITED STATES OF AMERICA

                                        Plaintiff-Appellee

v.

DAVID EDWARD HOLT

                                        Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-40-ALL

Before HIGGINBOTHAM, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Edward Holt appeals the 72-month sentence that he received after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Holt contends that the district court abused its discretion when it imposed a sentence above the recommended Guidelines range without setting forth clear reasons for the departure. He argues that, absent articulated reasons for the sentence, this court cannot review it for reasonableness, as it is required to do under United States v. Booker, 543 U.S. 220 (2005). He also

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintains that the court's sentence was not a "Guidelines sentence," urging that the court did not follow U.S.S.G. § 4A1.3.

Section 4A1.3 of the Sentencing Guidelines provides,

(a)(1) Standard for Upward Departure.–If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

(2) Types of Information Forming the Basis for Upward Departure.– The information described in subsection (a) may include information concerning the following:
(A) Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).
(B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.
(C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.
(D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.
(E) Prior similar adult criminal conduct not resulting in a criminal conviction. . . .

(4)(B) In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case. . . .

(c) Written Specification of Basis for Departure.– In departing from the otherwise applicable criminal history category under this policy statement, the court shall specify in writing the following:
(1) In the case of an upward departure, the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

The court's written Statement of Reasons explains the facts justifying the departure, stating,

2

> The Court departs from the advisory guideline range for reasons authorized by the sentencing guideline manual. . . . The sentence imposed departs <u>above the advisory guideline range</u> for the following reasons . . . . government motion for departure.[1] 4A1.3 Criminal History inadequacy. . . . The defendant's criminal history (33 criminal history points) is not adequately reflected in the criminal history category VI.

The Statement of Reasons also adopts the presentence investigation report without change, which provides details on Holt's past convictions, including felonies and misdemeanors. The district court provided sufficiently specific written reasons accompanying the judgment of conviction for why the criminal history category under-represented Holt's criminal history. It also provided adequate reasoning for its incremental upward departure.[2] In so doing, the district court followed U.S.S.G. § 4A1.3 and thus imposed a "Guidelines sentence."[3]

---

[1] The Government stated at the sentencing proceeding, "The government is asking for a sentence above the recommended range. The defendant in this case has 33 criminal history points. In the last nine years he's had five convictions. In 18 years he's had 17 convictions. He has a total of ten felony offenses to his credit. The criminal history category does not adequately reflect the seriousness of his true criminal history or his propensity or likelihood to reoffend. We are asking for a sentence above the recommended range." The court then found, "I would agree that the criminal history of six does not adequately represent the defendant's actual propensity to commit crime and that an upward departure would be appropriate."

[2] See discussion infra discussing the court's bypassing of criminal categories that it deemed inadequate.

[3] Holt urges that there is no "writing contained within the record of this case wherein the district court addresses why the applicable criminal history category substantially under-represents the seriousness of Holt's criminal history. Nor is there any writing by the district court which addresses the likelihood that Holt will commit other crimes." Because we find that the court provided adequate reasoning for why the criminal history category under-represented Holt's criminal history, we need not address the court's consideration of the likelihood of future crimes. See U.S.S.G. § 4A1.3(c) ("In departing from the otherwise applicable criminal history category under this policy statement, the court shall specify in writing the following: (1) In the case of an upward departure, the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." (emphasis added)).

Holt also maintains that the district court's upward departure was unreasonable. Under Booker, this court reviews Holt's sentence for reasonableness. Gall v. United States, 128 S. Ct. 586, 591 (2007). In making this reasonableness determination, we review both the decision to depart and the extent of the departure "under a deferential abuse-of-discretion standard." Id. This court looks first to whether the district court committed procedural error when it sentenced Holt. See id. at 596. Although the Guidelines generally direct a court to determine the extent of a departure by reference to "the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's," no express reference is needed if it is evident that the court bypassed criminal history categories it deemed inadequate. § 4A1.3(a)(4)(B); United States v. Simkanin, 420 F.3d 397, 419 (5th Cir. 2005). At the sentencing hearing, the Government put into context the frequency with which Holt had been convicted. The district court's agreement with the Government that an upward departure was warranted makes evident that the district court bypassed categories it deemed inadequate. See id.; see also United States v. Rosogie, 21 F.3d 632, 633-34 (5th Cir. 1994). Moreover, as we have discussed, the district court complied with § 4A1.3(c) in its Statement of Reasons for the sentence that it imposed and correctly applied §4A1.3(a)(2)(A). See United States v. Zuniga-Peralta, 442 F.3d 345, 348-49 (5th Cir. 2006). The court also implicitly considered the 18 U.S.C. § 3553(a) factors pertaining to the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct when it addressed Holt's recidivisim in adopting the PSR, which stated, "The defendant's criminal history is one of continuing criminal behavior . . . . The defendant has repeatedly demonstrated a willingness to continue to commit new criminal offenses and not abide by the laws governing society." See, e.g., United States v. Everist, 368 F.3d 517, 521 (5th Cir. 2004)

4

("The court already had made plain its view of the severity of . . . [appellant's] conduct when it discussed the presentence report and the manner of the sentence calculation. Because the seriousness of the offense was an important and allowable element under § 3553(a), the court's statements imply consideration of relevant factors under the statute.").

Given that the district court made no significant procedural error when it upwardly departed, this court next looks to whether the sentence was substantively reasonable. See Gall, 128 S. Ct. at 597. In light of Holt's criminal history, the sentence that he received was neither unreasonable nor an abuse of discretion. See Zuniga-Peralta, 442 F.3d at 348-49; Rosogie, 21 F.3d at 633-34.

AFFIRMED.