# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60755

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MACEO SIMMONS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

Leslie H. Southwick, Circuit Judge:

Maceo Simmons was convicted of aggravated assault under color of state law, and the district court sentenced him to 240 months in prison. On appeal, we affirmed his conviction but remanded for resentencing. *United States v. Simmons*, 470 F.3d 1115 (5th Cir. 2006) ("*Simmons I*"). On remand, the district court conducted a hearing and resentenced Simmons to life in prison. Simmons appeals from the resentencing. We again VACATE and REMAND.

## I. BACKGROUND

The facts surrounding Simmons's conviction were summarized in the earlier appeal. *See id.* at 1118-19. We need not repeat them here. At the sentencing for that conviction, Simmons objected to a two-level enhancement

under a section of the Sentencing Guidelines that accounts for circumstances in which the victim is in the custody, care, or supervisory control of the defendant. *See* U.S.S.G. § 2A3.1(b)(3)(A). The district court sustained the objection, bringing Simmons's offense level to 41. That offense level, combined with a criminal history category of I, placed Simmons's guideline range at 324 to 405 months in prison. After remarking on the fact that Simmons was then 48 years old, the district court decided to impose a 240 month, or 20 year, sentence.

Simmons appealed the conviction. We affirmed. *Id.* at 1118. The government cross-appealed the sentence. After finding the district court to have erred in refusing to apply the enhancement, we vacated and remanded for resentencing. *Id.* at 1130. No ruling was made on whether the district court improperly focused on Simmons's age rather than the required sentencing factors. *See* 18 U.S.C. § 3553(a). We did make comments about possible error on those grounds, which we will discuss below. *Simmons*, 470 F.3d at 1130.

On remand, Simmons requested a stay until after the Supreme Court decided *Gall v. United States*, 128 S. Ct. 586 (2007). The district court obliged. The resentencing was held in August 2008. This time, after the two-level enhancement was applied, Simmons's offense level was 43. When considered alongside a criminal history category of I, this translated into life imprisonment under the Guidelines. Simmons requested that the district court reimpose a 20 year sentence; the government urged the court to impose the life sentence.

The district court imposed a life sentence. Simmons has appealed.

## II. DISCUSSION

A. *Standard of Review*

The first consideration in our review of the reasonableness of a sentencing decision is whether the district court committed a significant procedural error, such as failing to calculate or incorrectly calculating the Guidelines range, treating the Guidelines as mandatory, or failing to consider the Section 3553

2

sentencing factors. *Gall*, 128 S. Ct. at 597. If a sentence is procedurally sound, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Simmons focuses on the first consideration, arguing that his sentence is procedurally flawed. When a defendant raises his procedural complaint in the district court, "the reviewing court examines the district court's interpretation or application of the Sentencing Guidelines *de novo*, and its factual findings for clear error." *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008). If, however, the procedural objection was not presented in the district court, our review is for plain error only. *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008). "This rule 'serves a critical function by encouraging informed decisionmaking and giving the district court an opportunity to correct errors before they are taken up on appeal.'" *Id.* (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

We reject the government's request for plain error review in this case. The entire resentencing focused on the district court's discretion, following *Simmons I*, to grant a sentence outside the Guidelines. Because the district court was presented with an opportunity to consider the issue now before this court, we will review the district court's application of the Guidelines *de novo*.

B.    *Procedural Unreasonableness*

At the first sentencing hearing, the district court imposed a 20 year sentence, even though the Guidelines called for a greater sentence. As grounds for its decision, the district court stated "that a term of imprisonment of 20 years for a man who is 48 years old is a sufficient sentence."

In reviewing that sentence, our *Simmons I* opinion pointed to the following Guideline policy statement: "Age . . . *is not ordinarily relevant* in determining whether a sentence should be outside the applicable guideline range [but] may be a reason to [depart downward] when the defendant is *elderly and infirm*."

470 F.3d at 1131 (emphasis in original) (quoting U.S.S.G. § 5H1.1 (1998)). We further explained that our circuit had rejected an age-based rationale prior to *Booker*, but that post-*Booker*, the issue had not been addressed. *Id.* We did not find in *Simmons I* that considering age as a factor in sentencing was *per se* unreasonable under *Booker*, but we did note that "a district court's sentencing discretion, and our reasonableness-inquiry on appeal, must be guided by the sentencing considerations stated in 18 U.S.C. § 3553(a)," including "any pertinent policy statement . . . issued by the Sentencing Commission." *Id.* (citations omitted).

Consequently, "a district court should acknowledge a relevant policy statement and explain why the prohibited or discouraged factor, as it relates to the defendant, is so extraordinary that the policy statement should not apply. A district court's failure to do so bears on the reasonableness of the sentence it imposes . . . ." *Id.* (citations omitted).

The district court's statement of reasons is important for our review of the sentence. We quote the relevant portion of the second sentencing hearing:

> The court has found that the sentencing guideline range under the sentencing guidelines is a sentence of life imprisonment. The court finds that you should be resentenced at this time to a sentence of life imprisonment within the guideline range.

> The court earlier and still holds the opinion that a life sentence is a sentence that is unnecessarily harsh. However, the court at that time and at this time has no reason to recommend a variance from the guidelines except based on age.

> The argument on the other side of the matter is that this crime was committed in 1999, almost ten years ago; you were not tried and sentenced until 2005 in this court; and [the victim] has suffered with this matter daily since its occurrence in 1999.

> The sentencing commission has set the guideline. Obviously, there is no excuse for this crime or this type of crime; and the court

feels that it has no reason to grant a variance other than what has already been expressed. The court reads into the Fifth Circuit opinion that was rendered in this case and remanded to the court that age alone is not a sufficient reason to vary. Accordingly, the court imposes a sentence of life imprisonment.

Simmons argues that our *Simmons I* opinion misdirected the court at the sentencing conducted after remand. Such error allegedly occurred because we had referred to the need for "'extraordinary' circumstances to justify a sentence outside the Guidelines range," a standard that the Supreme Court later rejected. *See Gall*, 128 S. Ct. at 594-95. Without any doubt, the requirement of "extraordinary circumstances" is no longer the law. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 384 n.4 (5th Cir. 2008). However, there is no indication from the second sentencing hearing that the district court erred in that manner. It is true that the district court stated that it read into *Simmons I* "that age alone is not a sufficient reason to vary." It is important, though, that the district court waited to sentence until after the Supreme Court's decision in *Gall*. That is the opinion that expressly rejected our former "extraordinary circumstances" requirement. *See id.* The *Gall* opinion was debated in detail at the resentencing hearing. The death of the "extraordinary circumstances" language from *Simmons I* was clear.

The district court also found that his disagreement with the Guideline policy statement that refers to age in terms of old and infirm defendants was not an appropriate consideration in setting a sentence. That view is inconsistent with recent Supreme Court precedent. In one key recent decision, the district court had departed downward from the crack cocaine Guideline range and imposed the statutory minimum sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 565 (2007). In so doing, the district court noted its disagreement with the Guidelines' crack/powder disparity and held that the statutory minimum was "clearly long enough" to accomplish the objectives of Section 3553(a). *Id.*

5

The Supreme Court upheld the sentence, explaining that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." *Id.* at 575.

We have had occasion to consider *Kimbrough*'s impact in this circuit. *See United States v. Burns*, 526 F.3d 852 (5th Cir. 2008). In *Burns*, the district court imposed a sentence within the Guidelines after the defendant was convicted of conspiracy to possess with intent to distribute cocaine base and two counts of aiding and abetting the distribution of cocaine base. *Id.* at 855-56. In denying the defendant's request for a departure based on the crack/powder disparity, the district court provided the following explanation:

> [T]he guidelines are what the guidelines are today. . . . The Court finds that the facts do not warrant a downward departure . . . for taking into consideration the difference between crack cocaine crimes under the guidelines and cocaine offenses under the guidelines as a decision that's been made by the Congress of the United States and the Sentencing Commission. . . . The Court finds it has no-limited discretion, if any. And if I do have discretion, I exercise my discretion not to downward depart on that basis.

*Id.* at 860-61. Following *Kimbrough*, we reversed and remanded. *Id.* at 861-62. We held that "we cannot tell from the record whether, if the judge had known he could consider the policy disagreement as an additional factor in the 'array of factors warranting consideration' in his analysis under 18 U.S.C. § 3553(a), it would have affected the ultimate sentence imposed on Burns." *Id.*

At the resentencing in this case, Simmons urged the district court to consider its earlier disagreement with the Guideline policy statement regarding age and to reimpose the 20 year sentence given at the first sentencing. When the district court stated doubts about its authority to do so, Simmons argued that *Kimbrough* permitted Guideline policy disagreements to be considered as

sentencing factors. The district court responded by explaining why it believed the *Kimbrough* decision to be a narrow one:

> [T]he crack guidelines had some -- there was almost political drive behind the opposition to the crack guidelines; whereas, it's nothing other than just a pure evaluation here of at what point a case such as this breaks off into a life sentence. And this has done that under the guidelines.

The district court unduly limited its own discretion. *Kimbrough* does not limit the relevance of a district court's policy disagreement with the Guidelines to the situations such as the cocaine disparity and whatever might be considered similar. In *Kimbrough*, the Court referred to the following concession made by the government: "the Guidelines are now advisory and . . . , as a general matter, courts may vary [from Guidelines ranges] based *solely* on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 128 S. Ct. at 570 (emphasis added) (internal quotation marks omitted). The Court added, however, that the appellate court may need to conduct a "closer review" if the judge has varied from the Guidelines because of a belief that the resulting sentence range, even in an unexceptional case, is inconsistent with Section 3553(a) factors. *Id*. at 575.

Whatever else in *Kimbrough* might require further case development, it is evident that the Supreme Court held that a district court's policy disagreement with the Guidelines is not an automatic ground for reversal. *See id*.; *see also* Lindsay C. Harrison, *Appellate Discretion and Sentencing after Booker*, 62 U. MIAMI L. REV. 1115, 1136 (2008). The Court also required a more intense review when the district court declares a properly calculated sentencing range to be inconsistent with the Guidelines' policy factors even for an ordinary case. *Kimbrough*, 128 S. Ct. at 575. If the concern instead is about the suitability of the sentence under the special conditions of a particular offender, the Court did not state that "closer review" is needed.

Therefore, the district court's disagreement with the policy statement concerning age as applied to this defendant's case is relevant to the sentencing decision. Consideration of a policy statement is among the factors under Section 3553(a). Disagreement with the policy should be considered along with other factors. *See id.* After deciding that a sentence outside the Guidelines range is justified, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Gall*, 126 S. Ct. at 597. Once those thought processes lead to a decision on the proper sentence, the court must explain itself in such as way as to permit "meaningful appellate review" and satisfy the need that sentencing fairness be perceived. *Id.*

Our opinion in *Simmons I* obviously predated *Kimbrough* and *Gall*. The district court quite properly avoided the part of our earlier decision that was overtaken by these decisions, namely, the need for finding circumstances that were extraordinary before giving a sentence that was outside the Guidelines. We also find, though, that the district court thought itself restricted by our suggestion that age might be a factor to depart downward only when a defendant is elderly. *Simmons I,* 470 F.3d at 1131(citing U.S.S.G. § 5H1.1 (1998)). After *Kimbrough*, what is necessary is that a court explain its reasons for disagreeing with the Guidelines' policy considerations. If the court believes there to be situations in which age should be considered for defendants who are not old and infirm, then an explanation of that disagreement is appropriate.

We find two points fairly clear from this record. The first is that the district court found that a life sentence was not justified in this case, based on the particular circumstances of this defendant. The second is that the district court gave a life sentence because it found the discretion that it wanted to exercise hamstrung by our guidance in *Simmons I.* That was error. District courts trying to follow circuit court rulings at times have a difficult task. It was

a particularly difficult task in this case because of the intervening Supreme Court decisions.

Accordingly, we vacate the sentence and remand in order that Simmons may be sentenced again.

On remand, the district court must determine whether (1) to impose a life sentence, as it did at resentencing, or (2) grant a lesser sentence. We make no suggestion on which course the district should take. That sentencing decision is to be made within the broad discretion the court is given and justified within the principles set out in this opinion and the precedents on which we rely.

## III. CONCLUSION

Simmons's sentence is VACATED, and we REMAND for resentencing.