# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 07-30698

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KARL DAVID KRETSER, JR

Defendant-Appellant

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 2:06-CR-20062-1

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David Kretser appeals his sentence of 30 years' imprisonment—the statutory maximum—for using a facility of interstate commerce to entice a minor to engage in illegal sexual acts, in violation of 18 U.S.C. § 2422(b) (2003). Kretser contends that the district court failed adequately to consider and take into account certain mitigating considerations, thus rendering the sentence unreasonable. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.     In reviewing a sentence for reasonableness, we first examine "whether the district court committed a significant procedural error, such as failing to calculate or incorrectly calculating the Guidelines range, treating the Guidelines as mandatory, or failing to consider the Section 3553 sentencing factors." *United States v. Simmons*, 568 F.3d 564, 566 (5th Cir. 2009) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). According to Kretser, the district court failed to impose an individualized sentence because it viewed all violators of 18 U.S.C. § 2422(b) as categorically deserving of the maximum sentence. We disagree. A review of the sentencing transcript reflects that the district court based its sentence on Kretser's sending of pornography to the targeted minor, use of his own daughter as "bait" to encourage the minor to correspond and meet with him, and his exemplification of an "extremely dangerous new breed" of predator for whom a severe sentence was warranted. These considerations directly relate to the facts and circumstances surrounding Kretser's offense, the seriousness of his conduct, and the need to deter other similar conduct, all of which are factors prescribed in 18 U.S.C. § 3553(a). *See* § 3553(a)(1), (a)(2)(A), (a)(2)(B). In addition to this fully adequate explanation, the district court stated that it had considered the § 3553(a) factors and, at the first sentencing hearing, heard and considered Kretser's arguments for a lesser sentence. Thus, even assuming that Kretser preserved this issue for appellate review, we find no procedural error here.

2.     Because the sentence imposed by the district court did not amount to an abuse of discretion, *see United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting the standard of review in *Gall*, 128 S. Ct. at 597), we likewise find it unnecessary to resolve whether Kretser's failure to object after the sentence was pronounced preserved his challenge to its substantive reasonableness. Notably, we have affirmed far greater departures or variances from the Guidelines than the 2-level or 23% increase in this case. *See, e.g.*,

*United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008) (253%); *United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008) (222%)*; United States v. Peltier*, 505 F.3d 389, 390, 392–93 (5th Cir. 2007) (210%). The district court took into account facts not covered by the Guidelines calculation, namely, that Kretser enticed his intended victim to have sex with him by sending her four images containing what is arguably child pornography and repeatedly inviting her to swim with his daughter. Although Kretser characterizes his conduct as unextraordinary, no extraordinary circumstances need exist to justify a sentence outside the Guidelines range. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). That Kretser's intended victim fortuitously turned out to be an undercover police officer was also properly rejected by the district court as a circumstance that merited a lighter sentence. *Cf. United States v. Cherer*, 513 F.3d 1150, 1160 (9th Cir. 2008). Finally, Kretser's reliance on lesser sentences imposed in cases involving different Guidelines calculations and different underlying conduct is unavailing. The record reflects that the district court acted within its discretion in concluding that Kretser's conduct and the need for deterrence of others outweighed other mitigating considerations and warranted the harsh sentence.

AFFIRMED.