# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50344
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL HERNANDEZ-HERNANDEZ, also known as Manuel Ernesto Hernandez-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-95-1

Before GARWOOD, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Hernandez-Hernandez (Hernandez) pleaded guilty to attempted illegal reentry into the United States following deportation and in April 2009 was sentenced to serve 48 months in prison. He contends that U.S.S.G. § 2L1.2 improperly results in the use of his prior murder conviction to determine both his offense level and his criminal history score. He contends also that the sentence imposed was greater than necessary, in light of the sentencing factors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

set forth in 18 U.S.C. § 3553(a), and that it is therefore unreasonable. Hernandez concedes that precedent forecloses his argument that the lack of a fast-track program in the Western District of Texas makes his sentence unreasonable because it creates an unwarranted disparity between it and sentences meted to defendants in districts having such a program. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

We review a sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). We first decide whether the district court committed any procedural errors, such as incorrectly calculating the advisory guidelines range or failing to consider the sentencing factors set forth in § 3553(a). *Gall*, 552 U.S. at 51.

Hernandez's challenge to the application of § 2L1.2 is unavailing. We first note that the defendant's asserted error is unpreserved because he raises this procedural, double counting issue for the first time on appeal. *United States v. Hernandez-Martinez*, 485 F.3d 270, 272 (5th Cir. 2007). The trial court did not first have an  opportunity to evaluate the merits of the defendant's double counting argument. Therefore, we review only for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Here, Hernandez is unable to even establish error, let alone plain error. "Double counting is impermissible only where the guidelines at issue prohibit it." *United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). The commentary to § 2L1.2 states that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." § 2L1.2, comment. (n.6). We have upheld double counting under similar circumstances involving U.S.S.G. § 2K1.2. *See United States v. Hawkins*, 69 F.3d 11, 13-15 (5th Cir. 1995). It was not improper to use Hernandez's murder conviction to enhance his offense level and to calculate his criminal history points.

Since the sentence is procedurally sound, we next consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We review the substantive reasonableness of the sentence for an abuse of discretion. *United States v. Simmons*, 568 F.3d 564, 566 (5th Cir. 2009). We conclude that Hernandez's sentence is substantively reasonable also. Because it is within the properly calculated guidelines range, the sentence may be presumed reasonable on appeal. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Moreover, the district court gave extensive consideration to Hernandez's argument for a variance below the advisory guideline range but determined that the record counseled in favor of a sentence at the low end of that range. The district court specifically found that the guidelines range provided for a sentence that would be an effective deterrent to recidivism, would protect the safety and welfare of the community, and would promote respect for the law. *See* § 3553(a).[1] Hernandez advances no good reason for us to disturb the sentence selected by the district court. *See Gall*, 552 U.S. at 51. Consequently, the sentence stands.

AFFIRMED.

---

[1] The PSR, for example, reflects that on his attempted reentry Hernandez used a false Illinois birth certificate in the name of another and also possessed a Social Security card in the name of that other person.