# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-10192

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

SHAMS EMIL MASTERS,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-00158

Before JONES, Chief Judge, PRADO, Circuit Judge, and O'CONNOR,[*] District
Judge.

PER CURIAM:[**]

Shams Emil Masters appeals his sentence, arguing that the district court
erroneously calculated his United States Sentencing Guidelines ("USSG") range
and unreasonably departed upward from that range. We hold that the erroneous

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2010

Lyle W. Cayce
Clerk

No. 09-10192

Guidelines range withstands plain error review, and the district court's upward departure was not unreasonable considering the facts of this case. We therefore affirm Masters's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Masters pled guilty to a single count of bank robbery. Before sentencing, Masters stipulated that he participated in four other bank robberies and that in four of the five robberies, he handed the bank teller a threatening note.

The Presentence Report ("PSR") contained all five stipulated robberies and calculated his offense level at twenty-five.[1] Due to prior offenses, the PSR calculated Masters's criminal history score as eight, placing him in criminal history category IV.[2] This combination resulted in a Guidelines range of eighty-four to 105 months. However, the PSR recommended that the district court depart upward from the Guidelines range because of Masters's long criminal history and the failure of incarceration or probation to deter his recidivism.

The district court adopted the facts and recommendations contained in the PSR and Masters did not object to the PSR at sentencing. The district court sentenced Masters to 210 months' imprisonment, based upon an upward departure to an offense level thirty and a criminal history category of VI. In so doing, the district court explained at the sentencing hearing:

> [B]y further explanation of the upward departure, I've considered the recommended advisory guideline range as well as all of the factors outlined in 18 United States Code, Section 3553(a), in

---

[1] The offense level included upward adjustments because Masters took the property of a financial institution and because Masters made "death threats" during the robberies. U.S. SENTENCING GUIDELINES MANUAL ("USSG") §§ 1B3.1(b)(2)(F), 2B3.1(b)(1).

[2] Masters had committed eight prior offenses. All but one of those offenses were misdemeanors. His lone felony was a drug possession charge.

determining what sentence to impose, and I've concluded that the sentence I've imposed is a reasonable sentence that takes into account all of the factors. If viewed from the standpoint of a sentence based only on the advisory guidelines, the sentence would be an appropriate sentence by way of an upward departure under U.S.S.G. Section 4A1.3.

The defendant is 30 years old and has established a pattern of habitual criminal behavior. He hasn't been slowed down or deterred by probated sentences, jail terms, state prison sentences, or parole supervision. Since the age of 14 the defendant has had one juvenile adjudication and seven adult convictions. Four of those adult convictions are countable under the advisory guidelines. In addition, the fifth conviction would have received points if the conviction had not been outside the applicable time period.

The defendant has continued to have contact with law enforcement, and the Court concludes that the defendant's Criminal History Category IV, as well as his total offense level, under-represents the seriousness of his past criminal conduct or the likelihood that he will commit further crimes.

He has one prior conviction for assault/serious bodily injury to a family member and a sentence of a six-year term of imprisonment for a previous drug conviction.

. . . .

The defendant has received numerous periods of incarceration and jail imprisonment, as well as probation and community supervision, which has [sic] not deterred him from committing new crimes. His past criminal conduct is indicative of his disregard for the law, his unwillingness to change his behavior, and the likelihood that he will commit future crimes, especially upon another person.

And to whatever extent it's appropriate to do so, in order to explain a Section 4A1.3 departure, so to speak, I've considered the defendant's criminal history conduct is more like a Criminal History Category VI and that a total offense level of 30 would be more appropriate considering all of his conduct.

When you come up with a hypothetical guideline range based on VI and a 30, you come up with 168 months to 210 months, and I consider that the top of that hypothetical range is a reasonable sentence.

3

No. 09-10192

The district court's statements explaining and justifying its sentence mirror the language of the PSR. Masters objected to the reasonableness of the upward departure at sentencing, and then timely appealed. In his appeal, Masters challenges the calculation of his Guidelines range and the reasonableness of the upward departure.

## II. STANDARD OF REVIEW

We apply different standards of review to Masters's challenge to the erroneously calculated Guidelines range and the reasonableness of the upward departure. As to the first, we review for plain error because Masters did not object to the calculation at sentencing. *United States v. Simmons*, 568 F.3d 564, 566 (5th Cir. 2009). To satisfy plain error review, Masters must establish four elements:

> First, there must be an error or defect . . . . Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (quotations and citations omitted).

As to Masters's challenge to the reasonableness of the district court's sentence, we review the district court's decision to depart upward from the Guidelines range, along with the extent of that departure, for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (citing *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)).

4

No. 09-10192

## III.  DISCUSSION

### A.     The Guidelines Range

The Government concedes that the district court plainly erred when it calculated the Guidelines range.  The PSR assigns four points for two prior offenses, counting the offenses separately; however, Masters was sentenced for these two offenses on the same day.  Under USSG § 4A1.2(a)(2), because Masters committed one of the offenses before the other, but received his sentence for both on the same day, the district court cannot assign points for each offense.  Absent this error, Masters's criminal history score would be six, rather than eight.  This slight change drops his Guidelines range to seventy to eighty-seven months (rather than the erroneously calculated eighty-four to 105 months).

Despite this error, Masters's challenge fails because his argument is foreclosed by the our recent decision in *Davis*.  The *Davis* district court, in the context of a revocation proceeding, calculated an erroneous Guidelines range, but then departed upward.  602 F.3d at 645–46.  The defendant failed to object to the incorrect range at sentencing and we reviewed the district court's sentence for plain error.  *Id.* at 647.  We rejected the defendant's challenge because we found that the district court "had ample independent bases for imposing the sentence that it did," and the defendant came forward with "no statements in the record to indicate that the court—which was required only to consider the advisory range indicated by the policy statement and was permitted to impose any sentence within the statutory maximum when determining the sentence—relied on the incorrect advisory range in determining his sentence." *Id.* at 649.  *Davis* provides the applicable outline of our analysis here.

Although the district court erroneously calculated the Guidelines range, the district court did not rely on the erroneous range when it departed upward

No. 09-10192

and there is substantial evidence in the record to support the upward departure. Therefore, Masters cannot show a reasonable probability that he would have received a lesser sentence. *See id.* at 650 (A "district court's erroneous selection of the incorrect Guideline range is not enough to demonstrate that the 'substantial rights' prong of the plain error test is satisfied.") (internal quotation omitted). Thus, Masters's challenge fails under plain error review.

## B.    The Reasonableness of the Upward Departure

Masters attacks two aspects of the district court's upward departure: first, Masters contends that the departure was not an appropriate application of USSG § 4A1.3 or 18 U.S.C. § 3553(a); second, Masters argues that the district court gave him a substantively unreasonable sentence. In essence, Masters's appeal tracks our review of any challenge to the reasonableness of a sentence: namely, we first determine whether the district court committed procedural error, then review the substantive reasonableness of the sentence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

### 1.    Application of USSG § 4A1.3

The Government contends that we should review Masters's procedural challenge for plain error because Masters's objection did not adequately alert the district court of his contention that USSG § 4A1.3(a)(2) did not authorize an upward departure based upon his prior criminal history. Masters objected early at sentencing, stating "we would make an objection for purposes of appeal of the unreasonableness of the sentence." The district court responded, "I haven't finished yet, but you can go ahead and make your objection now if you would like," and then gave its justification for the sentence and the upward departure.

An objection must place the district court "on notice" of the nature of the procedural objection. *See United States v. Duhon*, 541 F.3d 391, 396 (5th Cir.

6

2008).  When he objected, Masters did not name USSG § 4A1.3(a)(2) or state that the district court's use of his prior offenses formed the basis of the objection.  We agree with the Government that Masters's objection was insufficient to raise his procedural objection to the district court's application of USSG § 4A1.3(a)(2).

It is well-settled that "[i]f . . . the procedural objection was not presented in the district court, our review is for plain error only."  *Simmons*, 568 F.3d at 566.  Under the plain error standard, we will reverse only if there is an error that "is plain and affects substantial rights," *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and alteration omitted).  If there is such an error, we "may . . . exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks and alteration omitted).

The district court did not plainly err when it applied USSG § 4A1.3(a)(2).  The factors listed in USSG § 4A1.3(a)(2) are nonexhaustive.  The Guidelines only remove prior arrests from the district court's consideration when imposing the sentence.  *Id.* § 4A1.3(a)(3).  Here, the district court stated its reasons for the departure, including Masters's "pattern of habitual criminal behavior," lack of deterrence from prior sentences, "his disregard for the law, his unwillingness to change his behavior, and the likelihood that he will commit future crimes."  The district court's reliance on these reasons did not constitute plain error.

### 2.    Substantive Unreasonableness

Masters received a sentence of 210 months, a significant departure from the correctly-calculated Guidelines range of seventy to eighty-seven months. We review the reasonableness of the district court's sentence for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  With regard to his

No. 09-10192

sentence's substantive reasonableness, Masters's only argument on appeal is that his sentence differed too much from other bank robbery sentences. Masters asks us to consider a statistical compilation of robbery sentences, claiming that the Northern District of Texas levies a greater percentage of upward departures than the national average. We are unconvinced by Masters's argument.

Section 3353(a)(6) does not mandate that all sentences for similar crimes be the same; rather, it requires courts to take into account "the need to avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct." (emphasis added). We have held that, when different treatment is warranted, even different sentences between co-defendants are acceptable. *Duhon*, 541 F.3d at 397. Here, the district court explained its reasons for the upward departure and, as addressed above, those reasons were within its acceptable purview.

Furthermore, the non-exhaustive factors of USSG § 4A1.3(a)(2) inform our review of the substantive reasonableness of a district court's sentencing to some extent.[3] The district considered Masters's increasingly violent crimes, his recidivism, the failure of previous sentences to deter criminal conduct, and his likelihood of future criminal activity. The district court did not err by

---

[3] We note that the application of USSG § 4A1.3 is somewhat muddled. For example, in *United States v. Holt*, we discussed USSG § 4A1.3 and reasonableness separately. 287 F. App'x 384, 384–87 (5th Cir. 2008) (per curiam) (unpublished). However, in the reasonableness analysis, we noted that "the district court complied with § 4A1.3(c) in its Statement of Reasons for the sentence that it imposed and correctly applied § 4A1.3(a)(2)(A)." *Id*. at 387. This statement implies that the appropriate application of USSG § 4A1.3 is one of the factors to consider when assessing the reasonableness of a sentence. Similarly, in *United States v. Luevano-Orozco*, we found that the appellant-defendant "ha[d] not shown that the district court's upward departure was an abuse of discretion or unreasonable," because "[t]he district court properly considered factors that are permissible under § 4A1.3(a)(2)." 182 F. App'x 376, 377 (5th Cir. 2006) (per curiam) (unpublished).

considering these facts, nor did the district court abuse its discretion by relying on these facts to depart upward.

## IV. CONCLUSION

Masters's challenge to the erroneously-calculated Guidelines range does not overcome plain error review because he failed to establish that there is a reasonable probability that he would receive a lesser sentence. Masters's challenge to the district court's upward departure also fails because the district court did not plainly err when it relied on aspects of Masters's case outside of the factors enumerated in USSG § 4A1.3(a)(2); and because the district court did not abuse its discretion when it departed upward based on the facts of this case. We therefore affirm Masters's sentence.

AFFIRMED.