# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 09-20783
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL GUILLEN GARCIA, also known as Miguel A. Guillen, also known as Miguel Guillen-Garcia, also known as Sergio Guillen, also known as Miguel Angel Guillen,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-374-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Guillen Garcia appeals the sentence imposed upon his guilty-plea conviction for illegal reentry after having been deported subsequent to a conviction for an aggravated felony. *See* 8 U.S.C. § 1326. He was sentenced to 72 months of imprisonment. The calculation of his guidelines sentencing range of 70 to 87 months included a 16-level enhancement under U.S.S.G. § 2L1.2

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his prior deportation followed a Texas conviction for burglary of a habitation. Guillen Garcia's first four arguments are reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 n.1 (5th Cir. 2007). Nonetheless, Guillen Garcia has identified no error, plain or otherwise.

Guillen Garcia asserts that his sentence violates the Eighth Amendment's guarantee against cruel and unusual punishment. A 72-month sentence for a first illegal reentry offense by a defendant with a prior felony conviction for burglary of a habitation is not grossly disproportionate to the crime. *See Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

Next, Guillen Garcia contends that his sentence violates the Constitution's guarantee of equal protection, arguing that there is a wide disparity of sentences between those who receive the 16-level enhancement under § 2L1.2 and similar offenders who lack a prior aggravated felony conviction. Guillen Garcia fails to show how an alien who was previously deported following conviction for an aggravated felony is situated similarly to an alien without a prior aggravated felony conviction or to any other offender who has committed an offense that has a lower offense level. *See Cardenas-Alvarez*, 987 F.2d at 1134.

There is no merit to Guillen Garcia's argument that his sentence is unreasonable because § 2L1.2 lacks an empirical basis; this issue is foreclosed by circuit precedent. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009)); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Similarly without merit is Guillen Garcia's argument that his burglary-of-a-habitation conviction was impermissibly double-counted because it was counted in both his offense level and his criminal history score. *See, e.g., Duarte*, 569 F.3d at 529-31. The Guidelines do not prohibit "double counting" in this case. § 2L1.2, comment. (n.6); *see United States v. Hernandez-Hernandez*, 356 F. App'x 717, 718-19 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 2135 (2010).

Guillen Garcia challenges the substantive reasonableness of his sentence and the applicability of the presumption of reasonableness for a within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). He asserts that his offense was nothing more than an international trespass. Guillen Garcia advances no persuasive reason to question the applicability of the presumption of reasonableness or to disturb the district court's choice of sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (implicitly rejecting the contention that the defendant's illegal reentry was "'at bottom'" merely "an international trespass").

There is no merit to the argument that Guillen Garcia's sentence should be shorter because he will serve "harder time."

AFFIRMED.