# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

Lyle W. Cayce
Clerk

No. 10-10320
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROYLAN ROMERO-CORONADO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-313-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roylan Romero-Coronado (Romero) appeals the 72-month sentence imposed in connection with his guilty plea conviction for illegally reentering the United States following his prior deportation.

Romero's sole argument on appeal is that in imposing his sentence (an upward variance from the guidelines range), the district court procedurally erred by failing to acknowledge or explain its disagreement with the United States Sentencing Commission's policy decision that the severity of a reentry offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be measured by the defendant's most serious pre-deportation conviction, not by the defendant's number of deportations. In support, Romero relies in large part on *United States v. Simmons*, 568 F.3d 564 (5th Cir. 2009), wherein we stated that when a district court disagrees with the Guidelines' policy considerations, "what is necessary is that a court explain its reasons for disagreeing with [same]." *Id.* at 570. Romero's claim of procedural error is premised on his assertion that the Sentencing Commission has made the policy decision that courts should not consider an illegal reentry defendant's prior deportations in assessing the severity of the defendant's offense conduct. Romero, however, points to no provision, policy statement, or commentary within the Guidelines that supports his assertion. Accordingly, *Simmons* is not applicable to the instant case, and Romero has not shown that the district court committed any procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court's judgment is AFFIRMED.