**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2011

Lyle W. Cayce
Clerk

No. 10-11268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS DIAZ-CARDOSO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-39-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marcos Diaz-Cardoso (Diaz) pleaded guilty to one count of being in the United States illegally after deportation and was sentenced to the statutory maximum sentence of 24 months in prison. The sentence was a non-guidelines variance from the advisory sentencing range of six to 12 months.

Diaz contends that the district court wrongly relied on unscored convictions and that the district court did not adequately explain its reasons for relying on those convictions. He argues that, by deviating based on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncounted convictions, the court was expressing a disagreement with the general guidelines policy against counting them and that a more careful explanation of the sentence and more careful appellate scrutiny is therefore required under *Kimbrough v. United States*, 552 U.S. 85, 109 (2007).   The sentence is reviewed for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).

No special degree of scrutiny is invoked by the district court's reliance of unscored convictions, allegedly in disagreement with the Sentencing Commission's policy against counting them.   Where the sentence is tailored to the "special conditions of a particular offender," our deference is great and no special degree of scrutiny is required.  *See United States v. Simmons*, 568 F.3d 564, 569 (5th Cir. 2009).  The district court made an "individualized assessment based on the facts presented" and concluded that the guidelines range gave insufficient weight to some of the sentencing factors.   *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) (internal quotation marks and citation omitted).  Therefore, the close scrutiny Diaz requests is not warranted.

Because Diaz failed to object to the adequacy of the court's explanation of the sentence, that specific issue is subject to review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Diaz is not entitled to relief even under review for abuse of discretion.  The district court was required to "adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Mondragon-Santiago*, 564 F.3d at 360 (internal quotation marks and citation omitted).  The district court explained that a variance was justified by Diaz's uncounted convictions.  The court also cited other 18 U.S.C. § 3553(a) factors which it considered relevant, namely, the circumstances, history, and characteristics of the defendant, the need for deterrence, and the need "to reflect the seriousness of this offense and to promote respect for the law," and "to

protect the public from further crimes of the defendant." The explanation permits meaningful review and was adequate.

Further, Diaz's uncounted convictions and similar criminal acts are valid grounds for a sentence above the guidelines range. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (upholding departure based on uncounted crimes and repeated illegal re-entries). That the Guidelines do not count some prior convictions is not decisive because "a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

The sentence was not substantively unreasonable. This court has affirmed much greater variances. *See, e.g., Brantley*, 537 F.3d at 349-50 (upholding an upward variance to 180 months from an advisory maximum of 51 months). Because the court cited fact-specific reasons for imposing the sentence and its reasons adequately reflected consideration of the § 3553(a) factors, the sentence was reasonable, and the judgment is AFFIRMED.