# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

Lyle W. Cayce
Clerk

No. 12-11125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS LARA ARGUELLES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-102-1

Before SMITH, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Lara Arguelles (Lara) appeals his above-guideline sentence of 48 months of imprisonment imposed following his guilty plea conviction to being found unlawfully in the United States following deportation. Lara argues that the district court committed procedural error in relying on the finding in the presentence report that an upward variance might be warranted based on the citizenship or national origin and/or residency of his family members. Contending that consideration of those factors was prohibited by the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines, he asserts that the district court was required to explicitly recognize that Guideline policy and to provide reasons for its disagreement from it.

Because this issue was raised in the district court, review is de novo. *See United States v. Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009). In advising the district court of factors that might warrant an upward departure, the probation officer discussed several reasons why she believed that Lara would continue to return illegally to the United States and commit crimes. The reference to his son's citizenship/national origin and the residency of his family members was merely an additional basis for that determination. Any consideration given by the district court to the recidivism factor was not a deviation from a Guideline policy and did not result in the district court giving significant weight to an improper factor. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The district court did not commit a procedural error by considering an improper factor related to citizenship or family ties at sentencing.

Lara asserts that the district court deviated from guideline policies in considering his administrative removals and voluntary departures and did not provide any reasons for this deviation. His reliance on the commentary to U.S.S.G § 4A1.3 as providing a policy against consideration of repeated administrative removals from the United States is misplaced because the court has determined that the guideline applies only to a departure that is based on an underrepresented criminal history and that it does not apply to a variance. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Further, a review of comment two to that Guideline shows that it merely recommends some factors that might warrant an upward departure, but it does not proscribe the consideration of prior administrative removals. *See* § 4A1.3, comment. (n.2(A)(i)-(iv)).

Because Lara did not argue below that the district court ignored policy statements arising out of certain amendments to the Guidelines, review of this issue is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357,

361 (5th Cir. 2009). A review of the amended Guidelines does not reflect a policy against consideration at sentencing of repetitive administrative removals of the defendant. Thus, Lara has not shown that the district court plainly erred in not explaining its differences with the policies allegedly contained in the amendments. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

No authority has been provided to support Lara's argument that the district court deviated from policy in considering his multiple prior administrative removals. Thus, he failed to show that the district court committed procedural error on that basis. *See United States v. Simmons*, 568 F.3d 564, 570 (5th Cir. 2009). The sentence is AFFIRMED.