# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-50185
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO CASTRO-DE LOS SANTOS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-193-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Julio Castro-De Los Santos (Castro) appeals the sentence imposed following his guilty plea conviction for illegally reentering the United States following deportation. Castro's 60-month sentence included an upward departure from criminal history category VI pursuant to U.S.S.G. § 4A1.3. Castro argues that the district court acted unreasonably in upwardly departing from the advisory guideline range when imposing his sentence. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges the extent of the departure and the sufficiency of the district court's written reasons for the extent of the departure.

Pursuant to United States v. Booker, 543 U.S. 220 (2005), we ultimately review sentences for reasonableness. United States v. Smith 440 F. 3d 704, 706 (5th Cir. 2006). In making this reasonableness determination, we review both the decision to depart and the extent of the departure "under a deferential abuse-of-discretion standard." Gall v. United States, No. 06-7949, slip op. at 2 (U.S. Dec. 10, 2007); see also Smith, 440 F.3d at 707.

The district court indicated at sentencing that its decision to depart upwardly was based upon the information contained in the presentence investigation report (PSR), which indicated that Castro's criminal history category substantially underrepresented his prior offenses or the likelihood that he would commit other crimes in the future. See U.S.S.G. § 4A1.3(a). The court's written statement of reasons similarly relied upon § 4A1.3(a). The PSR indicated that Castro had an extensive list of criminal convictions by the time he reached age 23. In addition, Castro was on probation at the time he committed the instant offense, and he had used numerous alias names and birthdates in the past. In light of Castro's criminal history category and the nature of Castro's prior offenses, the district court did not err in determining that Castro's prior criminal history was underrepresented. See United States v. Zuniga-Peralta, 442 F.3d 345, 348–49 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

Moreover, the extent of the upward departure was reasonable. The district court's 60-month sentence was 30 months more than the top of the advisory guidelines range but well below the 10-year statutory maximum for the offense. See Zuniga-Peralta, 442 F.3d at 347–48. Although the district court could have stated its reasons for the upward departure with a higher degree of specificity, the district court's written statement nevertheless was sufficient to inform the parties and aid this Court. Id. at 348.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Castro challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This Court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed, (U.S. Aug. 28, 2007) (No. 07-6202).

AFFIRMED.