# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-31210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

FERNANDO AGUILLAR-GUERRERO,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-174-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Aguillar-Guerrero ("Aguillar") appeals his above-Guidelines sentence following his conviction upon a plea of guilty to illegal reentry after a felony conviction. 18 U.S.C. § 1326(a), (b)(1). We AFFIRM.

Aguillar first entered this country as a youth. He was first deported on June 28, 2006. Five months later, he was rearrested by border agents in Texas; he was removed in April of 2007. In May 2008, he again entered the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States unlawfully. He was arrested following an incident where he was accused of disturbing the peace. His prior convictions consist of a misdemeanor assault conviction in 2005 and a prior illegal reentry conviction in 2007. He served four months incarceration and one year supervised release on the latter charge.

Aguillar pleaded guilty to the current offense. On appeal, he does not contest the probation department's calculation of his Guidelines sentence, challenging only the substantive reasonableness of his ultimate sentence. After an increase for deportation after prior conviction of a felony and decrease for acceptance of responsibility, his offense level was ten. With a criminal history category of III, his Guidelines sentence was ten to sixteen months. The district judge sentenced Aguillar to sixty months, well below the statutory maximum of ten years, but well above the high end of the Guidelines range.

At the sentencing hearing, Aguillar apologized for entering the country illegally and promised not to do so again. Neither he nor his attorney offered any reasons why a particular sentence should be imposed. The district judge rejected the Guidelines range and imposed a sixty-month sentence[1] stating: "I've considered the Guidelines, and I just don't think they're adequate to address Mr. Aguillar's tendency to reenter illegally. I think the only way to keep him from doing so is to keep him in jail . . . ." She also mentioned the cost of these prosecutions. In her written Statement of Reasons, the judge reiterated the need for deterrence in imposing this sentence. Aguillar's counsel objected at the sentencing hearing stating that the sentence "is excessive under the facts and circumstances of this particular case." In the district court and this one,

---

[1] Neither side has focused on whether this sentence represented a variance or a departure from the Guidelines. On the issue presented to us, the difference is not dispositive. *Cf. United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (finding the characterization of the sentence not significant if "the sentence imposed was reasonable under the totality of the relevant statutory factors") (internal quotation marks and citation omitted).

Aguillar has never stated any particular reasons why the sentence is excessive other than its variation from the Guidelines sentence.

In *Gall v. United States*, 552 U.S. 38, — (2007), the Court authorized an appellate presumption of reasonableness for a within-Guidelines sentence. However, the Court refused to find sentences outside the Guidelines presumptively unreasonable. *"Gall . . .* squarely rejected the proposition that extraordinary circumstances are necessary to justify a sentence outside the Guidelines range." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.) (upholding sentence, on plain error review, of seventy-two months when the Guidelines range was twenty-four to thirty months), *cert. denied*, 129 S. Ct. 625 (2008). "Rather, 'the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors,' and may adjust the sentence accordingly under § 3553(a)." *Id.* (quoting *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008)) (internal citations omitted).

Following *Gall*, we have upheld upward departures and variances in several cases. *See, e.g., id.*; *United States v. Herrera-Garduno*, 519 F.3d 526, 532 (5th Cir. 2008) (upholding a sentence of sixty months where the Guidelines range was twenty-one to twenty-seven months)*; see also United States v. Lozano-Estrada,* 312 F. App'x 611, 612–13 (5th Cir. 2009) (affirming a sentence of sixty months in an illegal reentry case where Guidelines range was ten to sixteen months); *United States v. Palacios*, 273 F. App'x 321 (5th Cir. 2008) (upholding a forty-four-month sentence for illegal reentry where the Guidelines range was fifteen to twenty months); *United States v. Castro-De Los Santos*, 261 F. App'x 681, 683 (5th Cir.) (in an illegal reentry case, affirming a sixty-month sentence that was twice as high as the top of the Guidelines range), *cert. denied*, 128 S. Ct. 2458 (2008).[2] Aguillar has cited no cases from our court finding such a

---

[2] While unpublished cases are not precedent, these three cases are cited as exemplars of how we have handled other upward departures and variances in illegal reentry cases in the

variance or departure for this offense under similar circumstances substantively unreasonable.

Thus, Aguillar's claim of excessiveness must rest on the particulars of his case. "In reviewing a challenge to the length of a non-Guidelines sentence, we may 'take the degree of variance into account and consider the extent of a deviation from the Guidelines.' . . . But in applying abuse-of-discretion review, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Herrera-Garduno*, 519 F.3d at 530 (quoting *Gall*, 552 U.S. at —) (internal citations omitted). On the one hand, this sentence is, percentage-wise, much higher than the Guidelines range. On the other hand, the judge correctly noted that Aguillar has not been deterred by short sentences in the past. In just two years, he twice illegally reentered. Even after being convicted of illegal reentry and serving time for that offense, he returned only one year later. A district court's sentencing discretion is not unbounded, but a sentencing appeal is not an opportunity for the appellate court to substitute its judgment for that of the district court.

We conclude that the court's sentence is not an abuse of discretion. Accordingly, the district court's judgment is AFFIRMED.

---

last two years.