**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2011

Lyle W. Cayce
Clerk

No. 10-31141
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGON ELLIOTT LEBLANC, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-38-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Agon Elliott LeBlanc, Jr. appeals the 300-month upward departure sentence imposed by the district court following his guilty plea convictions for two counts of possession of a firearm by a convicted felon and one count of carjacking. LeBlanc asserts that the sentence was procedurally unreasonable because the district court did not follow the U.S.S.G. § 4A1.3 procedure for upward departures and because the district court did not provide adequate reasons for the upward departure. Because LeBlanc did not raise these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The district court did not plainly err in departing upward based on the inadequacy of LeBlanc's criminal history category and the violent nature of his actions. The district court expressly referred to the undisputed facts in the Presentence Report (PSR) which provided details concerning LeBlanc's numerous juvenile and adult criminal convictions that were not counted for purposes of his criminal history score and the violent nature of LeBlanc's actions. The Guidelines specifically permit a sentencing court to depart upward if it determines "that the [defendant's] criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism." U.S.S.G. § 4A1.3, comment. (backg'd). The district court's decision to departure upward was permissible under the Guidelines, was based on permissible factors that advanced the objectives of 18 U.S.C. § 3553(a), and was justified by the facts of the case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Further, the district court provided adequate reasons to support the upward departure as it adopted the PSR and stated that it was departing upward based on the inadequacy of LeBlanc's criminal history score and the violent nature of his actions. *See United States v. Holt*, 287 F. App'x 384, 385 (5th Cir. 2008); *see also United States v. Castro-De Los Santos*, 261 F. App'x 681, 682-83 (5th Cir. 2008).

Although the district court did not explicitly state that it rejected the intermediate offense levels, the district court's explanation indicated that it determined that the extent and nature of LeBlanc's criminal history and the violent nature of his actions warranted no less than 300 months of imprisonment. Further, LeBlanc has not shown that any error affected his substantial rights as he has not shown that there is a reasonable probability

that, but for the alleged errors, he would have received a lesser sentence. *See United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).

LeBlanc also argues that the sentence was substantively unreasonable. The record indicates that the district court's rationale justified the upward departure as a whole and that the district court considered the Guidelines and the § 3553(a) factors, including LeBlanc's history and characteristics, the nature and circumstances of the instant offenses, the need to deter future criminal conduct, and the need to protect the public and promote respect for the law. *See United States v. Rajwani*, 476 F.3d 243, 248-49 (5th Cir.), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007); *see also Zuniga-Peralta*, 442 F.3d at 347. Moreover, the extent of the departure was not excessive under the circumstances as it did not exceed the statutory maximum sentences for the offenses, and this court has affirmed similar and more substantial departures. *See, e.g., United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008).

AFFIRMED.