# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2012

Lyle W. Cayce
Clerk

No. 10-10819
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-387
USDC No. 4:07-CR-54-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis*, Christopher Williams, federal prisoner #35731-177, challenges his convictions on drug and weapons charges and his resulting sentence of, *inter alia*, 465-months' imprisonment. Williams' appeal failed. After the district court denied Williams' 28 U.S.C. § 2255 motion, a judge of this court granted a certificate of appealability (COA) on the following issues: (1) "Whether Williams' appellate counsel's refusal to raise the issue that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court violated Williams' Confrontation Clause and due process rights by curtailing cross-examination of Officer Woodard constitutes 'cause and prejudice' for the procedural default of this claim"; and (2) "[w]hether Williams stated a claim of ineffective assistance of counsel based on his trial counsel's failure to object to the district court's reliance on Williams' juvenile arrests that did not result in convictions when deciding to depart upward under [Sentencing Guideline] § 4A1.3".

The record, considered in the light of the parties' appellate briefs, shows no error in the district court's denial of habeas relief. Its legal conclusions are reviewed *de novo*; its factual findings, for clear error. *E.g.*, *Chester v. Thaler*, 666 F.3d 340, 356 (5th Cir. 2011).

As to the first certified issue, the district court denied Williams' Confrontation Clause and due-process claims as procedurally barred because he had not raised them at trial or on direct appeal. A defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error". *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (internal quotation marks omitted). As Williams urges here, the first issue for which the COA was granted is, "in essence", a claim for ineffective assistance of counsel (IAC). "[IAC] claims are obviously of constitutional magnitude and satisfy the cause and actual prejudice standard". *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

To show IAC, Williams must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984). Obviously, not raising every nonfrivolous issue does not constitute deficient performance. *E.g.*, *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004). Williams has not shown his appellate counsel's performance was deficient because he has not demonstrated the issue he sought to pursue was clearly stronger than the issue counsel pursued on direct appeal. *Smith v. Robbins*, 528

U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Therefore, we need not reach the IAC prejudice prong.

As for the second certified issue, Williams maintains counsel was ineffective by failing to object to the sentencing court's consideration of his unadjudicated juvenile conduct because Guideline § 4A1.3(a)(3) provides that a "prior arrest record itself shall not be considered for purposes of an upward departure".

Although a district court may not consider a defendant's bare arrest record at sentencing, it may consider arrests "if sufficient evidence corroborates their reliability". *United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011). The pre-sentence investigation report (PSR) contained more than Williams' arrest record. The Addendum to the PSR contained factual underpinnings for the juvenile arrests. The district court relied on those facts when making the upward departure, finding them sufficient to establish, by a preponderance of the evidence, that Williams had committed the juvenile offenses in question, even though they did not result in convictions. Williams presented no evidence that those facts were untrue or unfounded, nor did he articulate a plausible explanation for the arrests other than his guilt. *Id.* at 278. The district court did not improperly rely merely on a history of juvenile arrests in deciding to depart upwardly. Consequently, counsel was not deficient for not objecting on that basis. *Smith v. Puckett,* 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for . . . failure to raise a legally meritless claim."). Again, we need not reach the prejudice prong.

AFFIRMED.