**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

No. 11-10836
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS BELTRAN-CERVANTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-45-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Luis Beltran-Cervantes appeals the 24-month sentence imposed following his guilty plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326(a). He contends that the district court procedurally erred in upwardly departing from the advisory guidelines range of 6-12 months in prison and that the sentence is substantively unreasonable.

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *See United States v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). Additionally, we review upward departures for reasonableness, which necessitates that we review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

Initially, we reject Beltran-Cervantes's argument that the district court misapplied the upward departure Guideline, U.S.S.G. § 4A1.3, because it stated that his criminal history category merely "underrepresented" his risk of recidivism instead of stating that it "substantially underrepresented" his risk of recidivism as required by § 4A1.3(a)(1). There is no indication in the record that the district court misunderstood the proper standard for an upward departure under § 4A1.3 or that its statement was not merely a shorthand reference to that standard.

Beltran-Cervantes has not shown that the district court's decision to impose an above-guidelines sentence under § 4A1.3(a)(1) was procedurally or substantively unreasonable. After considering Beltran-Cervantes's mitigating argument of cultural assimilation, the sentencing court cited case-specific reasons for the upward departure, including his history of assaultive conduct, the lack of deterrent effect from his prior lenient treatment and sentences, and his prior uncharged offense of attempted illegal reentry into the United States. *See* § 4A1.3(a)(1), (2)(E) & comment. (backg'd); *Zuniga-Peralta*, 442 F.3d at 347.

As Beltran-Cervantes insists, for the first time on appeal, that the district court could not consider his association with a gang as a basis for an upward departure under § 4A1.3, we review that contention for plain error. To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No. 11-10836

The list of categories of information regarding conduct that "may" support a departure under § 4A1.3(a)(2) is nonexclusive, *see United States v. Cantu-Dominguez*, 898 F.2d 968, 970 (5th Cir. 1990), and Beltran-Cervantes points to no precedent prohibiting the district court from considering his association with a gang when imposing an upward departure. Accordingly, he has not shown error that is clear or obvious. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007). Moreover, Beltran-Cervantes conceded to the district court that (1) he was affiliated with a gang when he was a juvenile, (2) he did not expressly deny the presentence report's statement that he associated with members of a different gang since becoming an adult, and (3) he has not shown that any of the other varied bases for the district court's upward departure were improper. Thus, even assuming any error, he has not shown that it affected his substantial rights. *See United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).

Given the district court's reasons for the departure, Beltran-Cervantes has failed to show that the 24-month sentence constituted an abuse of discretion. *See Zuniga-Peralta*, 442 F.3d at 347. In fact, we have upheld upward departures of greater magnitude than the departure in this case. *See, e.g.*, *Jones*, 444 F.3d at 433, 442; *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174 (5th Cir. 1995). Beltran-Cervantes's sentence is AFFIRMED.