**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 6, 2012

Lyle W. Cayce
Clerk

No. 12-50251
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO PADILLA-CORTEZ, also known as Rodrigo Cortez, also known as
Rodrigo Padilla,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-700-1

Before HIGGINBOTHAM, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodrigo Padilla-Cortez appeals the sentence imposed following his guilty
plea conviction for illegal reentry following deportation in violation of 8 U.S.C.
§ 1326.  Pursuant to U.S.S.G. § 4A1.3, the district court upwardly departed from
the recommended guidelines range of 10 to 16 months and imposed a sentence
of 30 months.  Padilla-Cortez argues this departure was substantively
unreasonable, and specifically that the sentence overstates the seriousness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

offense and fails to take into account his benign motive for returning to the United States, his outdated criminal history, and his age.

We review the substantive reasonableness of a sentence "under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Padilla-Cortez objected to the substantive reasonableness of the sentence imposed based upon the district court's reliance on his outdated convictions; he did not advance the other arguments he raises before this court, such as age and motive, to support his objection to the substantive reasonableness of the sentence. Those arguments, raised for the first time on appeal, are reviewed for plain error. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court upwardly departed pursuant to § 4A1.3 because Padilla-Cortez had a history of abusing alcohol and driving after he had consumed alcohol, a history of assaultive behavior, repeatedly entered the United States without permission, and had been convicted of numerous criminal offenses which were too old to be reflected in his criminal history score. The district court specifically noted that Padilla-Cortez had previously received federal sentences of 24 months and 30 months for illegal reentry and that those sentences had not deterred him from returning to the United States.

Padilla-Cortez's criminal history, including his uncounted convictions, provided a proper basis for an upward departure. *See* U.S.S.G § 4A1.3(a), p.s.; *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The sentence is justified by the facts, and it advances the objectives of 18 U.S.C. § 3553(a)(2), such as promoting respect for the law and affording adequate deterrence to criminal conduct. It is well within the range of variances and departures this court has upheld. *See, e.g., United States v. Herrera-Garduno,* 519 F.3d 526, 532 (5th Cir. 2008); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir.

2006); *see also United States v. Aguillar-Guerrero*, 344 F. App'x 969, 970-71 (5th Cir. 2009).

Padilla-Cortez's arguments regarding his potential for recidivism and his motive for returning to the United States are essentially a request that this court reweigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51. As Padilla-Cortez has not shown error, plain or otherwise, with respect to the substantive reasonableness of the sentence imposed, the judgment of the district court is AFFIRMED.