# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAKARI MARKAIL DANIELS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-254-3

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jakari Markail Daniels pleaded guilty to possession of counterfeit securities in violation of 18 U.S.C. § 513(a), and the district court sentenced him above the advisory guideline range to 51 months of imprisonment and three years of supervised release. Daniels argues that the district court violated the Equal Protection Clause by improperly considering race and sex in imposing his sentence. Daniels bases this argument on nothing other than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fact that his co-defendant, Tina Maronde, a white female, received an 18-month sentence, and that he, a black male, received a 51-month sentence. Daniels offers no other evidence or argument to support his allegation that the district court improperly considered his race and sex in sentencing him. He ignores the district court's stated reasons for imposing a sentence above the guideline range based on his criminal history. Daniels has not established that any disparity between the two sentences rises to the level of a constitutional violation by showing that his co-defendant was "similarly situated" to him and "unfairly enjoy[ed] benefits that he does not or escape[d] burdens to which he is subjected." *See United States v. Cronn*, 717 F.2d 164, 169 (5th Cir. 1983).

Next, Daniels argues that his sentence was procedurally unreasonable because the district court improperly considered two juvenile offenses for which he was not convicted and which were not similar to the offense of conviction in departing upward under U.S.S.G. § 4A1.3. Although Daniels objected to the substantive reasonableness of his sentence, he did not make the exact argument he makes now on appeal, that consideration of the juvenile offenses was improper under § 4A1.3. The lack of objection calls for the application of the plain error standard of review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even if counsel's general statements about the consideration of Daniels's juvenile offenses were sufficient to preserve the issue, Daniels has not shown an abuse of discretion. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

Section 4A1.3(a) expressly authorizes an upward departure based on a finding by the district court that a defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal past or the likelihood that he will commit other crimes. *Zuniga-Peralta*, 442 F.3d at 347-48. "The list of categories of information regarding conduct that 'may'

support a departure under § 4A1.3(a)(2) is nonexclusive." *United States v. Beltran-Cervantes*, 468 F. App'x 411, 413 (5th Cir. 2012). Consideration of prior juvenile crimes is not prohibited. *See United States v. Garrett*, 471 F. App'x 309, 310 (5th Cir. 2012) (holding that the district court did not abuse its discretion in upwardly departing under § 4A1.3 where the court considered numerous unscored juvenile convictions); *United States v. Williams*, 476 F. App'x 1, 3 (5th Cir. 2012) (stating that the district court did not improperly rely on reliable information of the defendant's juvenile offenses not resulting in convictions in departing upward and so counsel was not ineffective for failing to object on that basis); *United States v. LeBlanc*, 442 F. App'x 113 (5th Cir. 2011) (affirming where the district court based the § 4A1.3 upward departure on numerous juvenile and adult criminal convictions that were not counted in the criminal history score); *United States v. Trevino*, 268 F. App'x 277, 278 (5th Cir. 2008) (holding that the district court did not err in imposing an upward departure that included consideration of the defendant's multiple convictions as a juvenile).

The fact that Daniels's present offense was different in nature from his previous offenses, and that some of those offenses did not result in convictions, does not preclude the district court's consideration of such offenses under § 4A1.3. The listed factors in § 4A1.3(a)(2) are not exhaustive, and the district court can consider serious dissimilar criminal conduct not resulting in a conviction. *See United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998) (noting that the commentary to § 4A1.2 allows a court to consider serious dissimilar conduct). Daniels's prior convictions and criminal conduct cited by the district court as justifying an upward departure under § 4A1.3, both juvenile and adult, involving possession of controlled substances, evading arrest and eluding police, assault, failure to identify to law enforcement, and

burglary of a habitation, are serious crimes which pose an obvious danger to society and justify the district court's decision to depart. *See United States v. Lee*, 358 F.3d 315, 329 (5th Cir. 2004).

The district court did not plainly err or abuse its discretion by upwardly departing under § 4A1.3 for improper reasons. *See Zuniga-Peralta*, 442 F.3d at 347-48; *United States v. Simkanin*, 420 F.3d 397, 416 n.21 (5th Cir. 2005).

Also challenging the substantive reasonableness of his sentence, Daniels argues that the district court erred by imposing a substantively unreasonable sentence of 51 months in light of the nature and circumstances of the offense and the kinds of sentences available. Daniels's argument completely ignores the reasons given by the district court for imposing the 51-month sentence and does not challenge the substantive reasonableness of the district court's sentence on the basis of his criminal history. Daniels's criminal history included five juvenile crimes, including assault, and six adult criminal episodes, including burglary of a habitation. His criminal history score was based on only two of these offenses. The district court noted all of the offenses not included in his criminal history score in deciding that this history was "disturbing" enough to warrant an upward departure. Regarding the extent of the departure, the record supports the district court's imposition of a 51-month term of imprisonment, outside the guideline range of 24 to 30 months, but well under the statutory maximum of 120 months. *See Zuniga-Peralta*, 442 F.3d at 347-48 (upholding an upward departure from a range of 27-33 months of imprisonment to a sentence of 60 months).

The district court did not abuse its discretion in the reasons for or in the extent of the departure in imposing the sentence of 51 months. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

AFFIRMED.